UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TERRI CERVONE,

                Plaintiff,

   -against-

CHARLES FINE d/b/a LAW OFFICE OF
CHARLES FINE ESQ., RECOVERY
ASSOCIATES, INC.,

                Defendants.
--------------------------------------------------------X

FILED
CLERK
1/23/2020 9:51 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
17-CV-2454 (JMA) (SIL)

**AZRACK, United States District Judge:**

      Plaintiff initiated this civil action on April 24, 2017. There have been no dispositive motions filed in this matter and as found at the status conference on January 23, 2019, plaintiff has previously failed to comply with Court orders for discovery in this case. (ECF No. 29.) Indeed, the parties have requested five extensions of time to complete discovery since the Court so-ordered the initial February 28, 2018 Scheduling Order. (See ECF Nos. 21, 22, 25, 35, 36, 37.) Most recently, the Court granted an extension of time to complete discovery through November 27, 2019 and ordered the parties to file any pre-motion conference letters requesting leave to move for summary judgment by December 11, 2019. (Electronic Order, 11/6/2019.) No letters were filed.

      Accordingly, this Court issued a Status Report Order on January 14, 2020, directing the plaintiff to file a Status Report by January 21, 2020. (Electronic Order, 1/14/2020.) Plaintiff was warned that failure to respond to the Order may result in dismissal of the case for failure to prosecute. (Id.) To date, plaintiff has not responded to the January 14, 2020 Status Report Order or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

<u>Shannon v. Gen. Elec. Co.</u>, 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting <u>Nita v. Conn. Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. <u>Id.</u> at 194.

This case has been pending since April 2017 and it appears plaintiff has not actively prosecuted this action from the outset. Plaintiff also failed to respond to this Court's January 14, 2020 Order which warned that failure to respond may result in the dismissal of the case. The Court has considered the relevant factors here and concludes that plaintiff's failure to comply with this Court's Order or otherwise communicate with the Court warrants dismissal.[1] Accordingly, this

---

[1] Furthermore, plaintiff's counsel has recently engaged in a pattern of abandoning his cases. Indeed, on January 14, 2020, the Court issued five other Orders in cases brought by plaintiff's counsel directing responses by January 21, 2020, and counsel failed to respond to a single one. (<u>See</u> Dockets 19-cv-4562, 19-cv-2778, 19-cv-4448, 19-cv-4325, 18-cv-7254.) The Court also had to dismiss two cases brought by plaintiff's counsel on January 14, 2020 for failure to prosecute and non-compliance. (<u>See</u> Dockets 19-cv-3771, 19-cv-3891.) The conduct by plaintiff's counsel in ignoring numerous Court Orders and failing to prosecute his cases brought before this Court further supports dismissing this action for failure to prosecute and noncompliance.

case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: January 23, 2020  
Central Islip, New York

/s/ (JMA)  
JOAN M. AZRACK  
UNITED STATES DISTRICT JUDGE